Michael A. Moberly
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Fax
Email: mike@akdefenselaw.com
Alaska Bar No. 9612073

*Attorneys for Trafford Evanoff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAFFORD EVANOFF, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:26-po-00003-MMS |

**MOTION TO DISMISS**

Trafford Evanoff has been accused of violating 50 C.F.R. § 27.84 which prohibits

interference with a "private person engaged in the pursuit of an authorized activity on any

national wildlife refuge." "The purpose of a CVB notice, like a complaint, is to enable a

magistrate judge to 'determine whether probable cause required to support a warrant [or

summons] exists.'"[1] Ultimately, "the facts upon which the magistrate judge bases his or her probable cause determination 'must appear within the four corners' of the charging document."[2] For the reasons set forth below, Mr. Evanoff moves for an order dismissing Citation No. 9230817 for lack of probable cause.

### A. Background

The following factual background is derived from information provided in Citation No. 9230817 filed in this matter.[3]  On February 5, 2025, Laura McIndoe was walking her dog on Fire Access Road, near mile 6.5 of Funny River Road in the Kenai National Wildlife Refuge. Sometime after Ms. McIndoe began walking down the road, Jeffrey Samona, who had set an active trapline alongside the road, went to check on his traps.

Ms. McIndoe was unaware that she was walking her dog near a trapline until her dog became caught in one of the traps.  A short time thereafter, Mr. Samona arrived at the scene of the trapped dog. Mr. Samona offered Ms. McIndoe assistance in removing the trap, but she declined because her trapped dog was actively biting her as she tried to free its leg. Notably distressed by her dog being injured, Ms. McIndoe cursed at Mr. Samona and proceeded to call her two sons - one being Trafford Evanoff - to come assist her in

---

[1] *United States v. Thomas*, No. 13-3370M-001-PHX-LOA, 2013 U.S. Dist. LEXIS 154253, at *3 (D. Ariz. Oct. 28, 2013), *quoting Giordenello v. United States*, 357 U.S. 480, 485-86, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958) (stating the rules of criminal procedure "must be read in light of the constitutional requirements they implement").
[2] *Id. quoting United States v. Rubio,* 727 F.2d 786, 795 (9th Cir. 1983).
[3] Docket No. 1.

Case 3:26-po-00003-MMS     Document 22     Filed 07/03/26     Page 2 of 8

Exhibit 1
Page 2 of 8

Case 3:26-po-00002-MMS     Document 22-1     Filed 07/03/26     Page 2 of 8

getting the trap off her dog. After a short time, both sons arrived and assisted Ms. McIndoe in removing her dog's leg from the trap.

Around this time, Mr. Samona called the Kenai National Wildlife Refuge claiming that a woman was threatening him. Federal wildlife officers responded to the call. By the time officers arrived at the intersection of Fire Access Road and Funny River Road, all of the involved parties were exiting the trail. Officer Shay saw the Mr. Evanoff carrying a feather, yellow string, and gallon Ziploc bag with a piece of paper in it.

Mr. Samona claims that the feather and string were items he used at one of his trap sites as an "flag" to attract animals. He further claims that following this incident with Mr. McIndoe and her dog, two of his trap sites were destroyed, and the trap that the dog had gotten trapped in was lost.

## B. Legal Argument

Citation No. 9230817 claims a violation of 50 C.F.R § 27.84 Interference with persons engaged in authorized activities. Section 27.84 states:

> Disturbing, molesting, or interfering with any employee of the United States or any local or State government engaged in official business, or with any private person engaged in the pursuit of an authorized activity on any national wildlife refuge is prohibited.[4]

Courts in the Ninth Circuit have held that "it is black letter law that a charging document, like a complaint or CVB notice, must set forth sufficient verified facts to support a judicial finding that probable cause exists to believe a crime has been committed and the

---

[4] 16 USC 668dd; 50 C.F.R. § 27.84.

defendant committed it."[5] Specifically, Federal Rule of Criminal Procedure 58(d)(3) makes clear that, to issue a summons or warrant, the "charging document" – which includes a citation or violation notice – must contain a showing "of probable cause to believe that an offense has been committed and that the defendant has committed it[]."[6] Accordingly, the citation in this case is required to demonstrate probable cause. It fails in this regard because there are no verified facts to support a finding that Mr. Evanoff violated 50 C.F.R. § 27.84.

Minimal information is provided in Citation No. 9230817 regarding Mr. Evanoff's alleged violations of 50 C.F.R. § 27.84.[7] The section of the probable cause statement regarding Mr. Evanoff's actions on February 5, 2025 states that Mr. Evanoff "was carrying a large feather with metal foil wrapped at the base of the feather with a yellow string attached and a piece of paper in a gallon Ziploc clear plastic bag. The yellow string attached to the feather appeared to have been cut. The white piece of paper measuring 8.5 inches square had ACTIVE TRAPLINE AHEAD PLEASE KEEP DOGS ON A LEASH."[8] This proceeding sentence is the only direct reference of any conduct attributable to Mr. Evanoff.

50 C.F.R. § 27.84 is explicit in its use of the language "disturbing, molesting, or interfering with any *private person*."[9] The regulation also prohibits such acts done towards "any employee of the United States or of any local or State government engaged in official

---

[5] *United States v. Lee*, No. 2:22-po-00652-HL, 2023 U.S. Dist. LEXIS 194519, at *4 (D. Or. Sep. 25, 2023), *quoting United States v. Thomas*, No. 13-3370M-001-PHX-LOA, 2013 U.S. Dist. LEXIS 154253, 2013 WL 5783408, at *1 (D. Ariz. Oct. 28, 2013).
[6] *Id.*
[7] *See generally* Exhibit A.
[8] *Id*. at p. 1.
[9] 50 C.F.R. § 27.84 (emphasis added).

Motion to Dismiss
*U.S. v. EVANOFF*
3:26-po-00003-MMS
Page 4

Case 3:26-po-00003-MMS    Document 22    Filed 07/03/26    Page 4 of 8

Exhibit 1
Page 4 of 8

Case 3:26-po-00002-MMS    Document 22-1    Filed 07/03/26    Page 4 of 8

business," none of which are mentioned in the Probable Cause statement (or implicated in the facts of this alleged incident for that matter). There are no facts alleged in the Probable Cause statement, or the written citation, that Mr. Evanoff "disturb[ed], molest[ed], or interfere[ed]" with any private person (presumably Mr. Samona). Indeed, there is no suggestion that Mr. Evanoff had any interaction with Mr. Samona at all during the events on February 5, 2025.

The interpretation of a statutory ore regulatory provision must begin with the plain meaning of its language. "If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there."[10] Here, the regulation states that interference with a private person engaged in the pursuit of an authorized activity is prohibited. This language is unambiguous as it directly lists whom it references, a private person. Further, where general words follow an enumeration of two or more things, they apply only to persons or things of the same general kind of class specifically mentioned (*ejusdem generis*).[11] 50 C.F.R. § 27.84 states:

> Disturbing, molesting, or interfering with any employee of the United States or of any local or State government engaged in official business, or with any private person engaged in the pursuit of an authorized activity on any national wildlife refuge is prohibited.

In this regulation, the general class would be "any employee of the United States or of any local or State government engaged in official business, or with any private person."

---

[10] *United States v. Lillard*, 935 F.3d 827, 834 (9th Cir. 2019), *quoting CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017).
[11] *Campbell v. Board of Dental Examiners*, 53 Cal.App.3d 283, 125 Cal. Rptr 694, 696.

Motion to Dismiss
*U.S. v. EVANOFF*
3:26-po-00003-MMS
Page 5

Case 3:26-po-00003-MMS    Document 22    Filed 07/03/26    Page 5 of 8

**Exhibit 1**
**Page 5 of 8**

Case 3:26-po-00002-MMS    Document 22-1    Filed 07/03/26    Page 5 of 8

This class would not logically include "an authorized activity." The provisions of a text should be interpreted in a way that renders them compatible, not contradictory. If the purpose of 50 C.F.R. § 27.84 was to prohibit interference with the authorized activity itself, the inclusion of the language "with any private person" would not align. Such a reading would render superfluous the reference to the very individuals that the regulation seeks to protect.

Even interpreting the language of 50 C.F.R. § 27.84 broadly, as to include "disturbing, molesting, or interfering" with the authorized activity here – trapping - there are still no facts to support a violation. In *Lee*, the officer's statement of probable cause "stated that he discussed with defendant when and where he had been cutting wood. The Officer also noted that he explained to defendant that 'no internal combustion operation is allowed' on FSR 7787-130 because the area was under IFPL."[12] The Court held that "nothing in the statement of probable cause or in the written citation states that defendant was observed using internal combustion equipment or admitted to such conduct."[13]

Similarly, here, nothing in the statement of probable cause or written citation states that Mr. Evanoff was observed "disturbing, molesting, or interfering" with Mr. Samona's trapping. Mr. Samona's feather, string, and sign, were all extraneous. The feather and string were being used by him as an "attractant" to lure animals to the traps, and the sign was merely an informational warning to the public. The use of these objects was fully

___

[12] *Lee*, No. 2:22-po-00652-HL at *2.
[13] *Id.*

Case 3:26-po-00003-MMS     Document 22     Filed 07/03/26     Page 6 of 8

Exhibit 1
Page 6 of 8

Case 3:26-po-00002-MMS     Document 22-1     Filed 07/03/26     Page 6 of 8

discretionary by the trapper and not required as a part of his trapping, the permitted activity here. Moreover, these objects were *unilaterally* chosen by Mr. Samona. If a regulation setting forth prohibited conduct were to abdicate to the permitted individual the almost infinite number of items that could be associated or connected with the permitted activity, there would be no ascertainable way for a reasonable person to know that these items were related to or a part of an "authorized activity." Such an interpretation of 50 C.F.R. § 27.84 not only betrays the clear language of the regulation, it would impermissibly expand the regulation's reach beyond the statutory authority granted the Agency in the first place.

Last, Mr. Evanoff's actions do not show that he possessed a culpable mental state. The Supreme Court of the United States, in *Gasho v. United States*, held that "probable cause is lacking if the circumstances relied on are 'susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities.'"[14] Here, the fact that Mr. Evanoff picked up these objects laying about the trail, not knowing their purpose, shows his intent was wholly inconsistent with any criminal *mens rea* or any "nefarious activity."

The statement of probable cause does not set forth facts to support that Mr. Evanoff violated 50 C.F.R. § 27.84.

/

/

---

[14] 39 F.3d 1420, 1343 (9th Cir. 1994) *quoting United States v. Moore*, F.2d 1361, 1363 (9th Circ. 1973).

Motion to Dismiss
*U.S. v. EVANOFF*
3:26-po-00003-MMS
Page 7

### C. Conclusion

For the foregoing reasons, Mr. Evanoff respectfully moves for an order dismissing

Citation No. 9230817 for a lack of probable cause.

DATED this 3rd day of July, 2026.

HOZUBIN, MOBERLY & ASSOCIATES
*Attorneys for Trafford Evanoff*

By:    /s/*Michael A. Moberly*
        Michael A. Moberly
        Hozubin, Moberly, & Associates
        711 M Street, Suite 2
        Anchorage, AK 99501
        907-276-5297 – Telephone
        907-276-5291 – Fax
        Email:  mike@akdefenselaw.com
        Alaska Bar No. 9612073

<u>CERTIFICATE OF SERVICE</u>
The undersigned hereby certifies that
on the 3rd day of July, 2026,
a true and correct copy of the foregoing
was served ELECTRONICALLY via
CM/ECF on the following:

PARTIES OF RECORD

HOZUBIN, MOBERLY & ASSOCIATES

By:_____
9200.033/court docs/Mtn to Dismiss

Case 3:26-po-00003-MMS    Document 22    Filed 07/03/26    Page 8 of 8

**Exhibit 1**
**Page 8 of 8**

Case 3:26-po-00002-MMS    Document 22-1    Filed 07/03/26    Page 8 of 8