Andrew Erickson
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com

*Attorneys for Defendant Laura McIndoe*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURA MCINDOE,<br><br>    Defendant. | Case No. 3:26-po-00002-MMS |

### DEFENDANT'S MOTION FOR JUDICIAL NOTICE

Pursuant to Local Criminal Rule 47.1(i) and Federal Rule of Evidence 201(b), Defendant Laura McIndoe respectfully requests that this Court take judicial notice of the following public records in connection with the Defendant's pre-trial motions:

(1)     The Kenai National Wildlife Refuge, Trapping Compatibility Determination dated June 13, 2007, attached as **Exhibit 1**.

(2)     The U.S. Fish & Wildlife Service, Draft Environmental Assessment for Amendment of Public Use Regulations at Kenai National Wildlife Refuge dated June 11, 2020, attached as **Exhibit 2**.

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice is the "court's acceptance, for purpose of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."[1] On pretrial motions, *including a defendant's motion to dismiss*, "the court may take judicial notice of matters of public record outside the pleadings."[2]

Here, Exhibits 1 and 2 are public records that were published by the federal government and are not subject to reasonable dispute. Exhibit 1 is the official record of the Kenai National Wildlife Refuge's trapping compatibility

---

[1]     Black's Law Dictionary (11th ed. 2019); *see also Allergan USA, Inc. v. Prescribers Choice, Inc.*, 364 F. Supp. 3d 1089, 1095 (C.D. Cal. 2019) ("Judicial notice is a court's recognition of the existence of a fact without the necessity of formal proof.").

[2]     *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also United States v. Pulliam*, 2014 U.S. Dist. LEXIS 99396 at * 3 (D. Mont. Jul. 21, 2014) ("[Defendant's] Motion for Judicial Notice is well-taken.").

Case 3:26-po-00002-MMS     Document 23     Filed 07/03/26     Page 2 of 4

determination adopted pursuant to federal law.[3] It provides that "trapping is prohibited within one mile of public roads" on the Refuge.[4]

Exhibit 2 is an excerpt of the U.S. Fish and Wildlife Service's Draft Environmental Assessment for proposed public use regulations on the Refuge.[5] It includes an official government-produced map of the Refuge that clearly labels "Wood Cutting Road," beginning at approximately mile 6.5 of Funny River Road near Soldotna.[6]

Both Exhibits 1 and 2 are appropriate for judicial notice. First, courts routinely take judicial notice of records or reports of government agencies,[7] and in particular government-produced maps.[8] Second, given the opportunity in

---

[3]     *See* Declaration of Andrew Erickson at ¶ 2.

[4]     Exhibit 1 at 4 (also Docket No. 17-2 at 4).

[5]     *See* Declaration of Andrew Erickson at ¶ 3.

[6]     Exhibit 2 at 4 (also Docket No. 17-5 at 4).

[7]     *See, e.g.*, *Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385) (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies."); *Friends of Alaska Nat'l Wildlife Refuges v. Bernhardt*, 463 F. Supp. 3d 1011, 1015 (D. Alaska 2020) ("Plaintiffs request that the court take judicial notice of a U.S. Department of Interior decision dated March 11, 2019, because it is an official government document concerning matters of public record and not subject to reasonable dispute. The request, which is unopposed, is granted.").

[8]     *See, e.g.*, *United States v. Burch*, 169 F.3d 666, 672 (10th Cir. 1999) ("official government maps are generally an acceptable source for taking judicial notice"); *Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979) ("official government maps have long been held proper subjects of judicial notice").

this case, the Government raised no objection to the authenticity or veracity of either exhibits, which were included with Defendant's Motion to Dismiss.[9]

Thus, it is appropriate for this Court to take judicial notice of Exhibits 1 and 2 in connection the Defendant's pre-trial motions in this case.

Respectfully submitted.


DATED: July 3, 2026       LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049

*Attorneys for Defendant Laura McIndoe*


## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

---

[9]      *See* Docket No. 18; Docket Nos. 17, 17-2, 17-5.

Case 3:26-po-00002-MMS    Document 23    Filed 07/03/26    Page 4 of 4