Andrew Erickson
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com

*Attorneys for Defendant Laura McIndoe*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LAURA MCINDOE, | |
| Defendant. | Case No. 3:26-po-00002-MMS |

## DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to Local Criminal Rule 47.1(g)(1)(A), Defendant Laura McIndoe respectfully requests that this Court reconsider its June 29, 2026 Order denying Defendant's Motion to Dismiss (Docket No. 17).

The Motion to Dismiss raised two legal arguments: first, that the Notice of Violation (Docket No. 1) lacks probable cause to support the charge under 50 C.F.R. § 27.84; and second, that the Notice was deficient as a matter of law

Case 3:26-po-00002-MMS   Document 24   Filed 07/06/26   Page 1 of 6

because Ms. McIndoe "could not have unlawfully interfered with the trapper because the trapper was not engaged in an 'authorized activity.' "[1]  The Government responded to the Motion but did not dispute the premise of Ms. McIndoe's argument that her dog was caught in a trap that had been set on a public road and that trapping is prohibited within one mile of public roads on the Kenai National Wildlife Refuge.[2]

On June 29, this Court summarily denied the Motion, explaining that the Court did not believe that there was a "procedural mechanism" in this type of case to consider dismissal of the Notice. However, the Court made it clear that it did not decide the legal issues raised in the Motion.

Ms. McIndoe respectfully urges this Court to reconsider its decision. Under Federal Rule of Criminal Procedure 12(b)(1) a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." This Court "must decide every pretrial motion before trial unless it finds good cause to defer a ruling."[3] Thus, it was error for this Court not to consider the legal issues raised in the Motion.

---

[1]     Docket No. 17 at 15.

[2]     *See* Docket No. 18.

[3]     Fed. R. Crim. P. 12(d).

*United States v. McIndoe*                                    Case No. 3:26-po-00002-MMS
Defendant's Motion for Reconsideration                        Page 2 of 6

First, it was error for this Court not to consider the merits of Ms. McIndoe's legal argument that the Notice lacked probable cause. This Court has a duty to determine whether probable cause exists in this case.[4] "It is black letter law that a charging document, like a complaint or CVB notice, must set forth sufficient verified facts to support a judicial finding that probable cause exists to believe a crime has been committed and the defendant committed it."[5] "If probable cause does not exist, the complaint or CVB notice must be dismissed."[6] "The purpose of a CVB notice, like a complaint, is to enable a magistrate judge 'to determine whether the 'probable cause' required to support a warrant [or summons] exists.'"[7] "The [magistrate judge] must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause."[8] "He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime."[9]

---

[4]    *See* Docket No. 22 (joining the defendant's motion to dismiss in *United States v. Evanoff*, No. 3:26-po-00003-MMS).

[5]    *United States v. Thomas*, No. 13-3370M-001-PHX-LOA, 2013 U.S. Dist. LEXIS 154253 at * 2 (D. Ariz. Oct. 28, 2013).

[6]    *Id.* (citing *United States v. Hicks*, No. MCR 08-5050-M-JCL, 2009 U.S. Dist. LEXIS 39332 (D. Mont. Jan. 9, 2009)).

[7]    *Id.* (quoting *Giordenello v. United States*, 357 U.S. 480, 485-86 (1958)).

[8]    *Giordenello*, 357 U.S. at 485.

[9]    *Id.*

Other courts have engaged in a meaningful pretrial review of violation notices where probable cause was challenged.[10] For example, in *United States v. Hicks*, the federal district court for the District of Montana concluded that a violation notice must be dismissed where the "notice does not set forth facts constituting an offense."[11] In *Hicks*, as in this case, the parties did not "materially dispute the factual circumstances underlying the violation notice which allegedly support [the] regulatory violation."[12] The magistrate judge in *Hicks* applied the rule of lenity to conclude that "any potential ambiguity as to the applicability or inapplicability" of federal regulations to the defendant's activities "must be construed" in the defendant's favor.[13] Similarly here, this Court should conclude that Ms. McIndoe's "mere entry"[14] into an area where trapping was occurring does not constitute a violation of 50 C.F.R. § 27.84.

*Second*, it was error for this Court not to consider Ms. McIndoe's legal argument that the Notice failed to state an offense. The Government concedes that "[t]he question is, was the activity in question, trapping at this specific

---

[10]  *See, e.g.*, *United States v. Lee*, No. 2:22-po-00652-HL, 2023 U.S. Dist. LEXIS 194519 (D. Or. Sept. 25, 2023); *United States v. Dyers*, No. 1:06-MJ-455-AJB, 2007 U.S. Dist. LEXIS 7549 (N.D. Ga. Jan. 30, 2007).

[11]  *Hicks*, 2009 U.S. Dist. LEXIS 39332 at * 9-10.

[12]  *Id.* at * 2.

[13]  *Id.* at * 9.

[14]  *Id.* at * 8.

location, authorized?"[15] That is a legal question that this Court should determine pre-trial. If the trapping was not authorized, then the Notice fails to state an offense as a matter of law and must be dismissed.[16]

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may bring a motion to dismiss for "failure to state an offense." A motion to dismiss for failure to state an offense does not seek a ruling on a defendant's guilt or innocence. Rather, it tests whether the alleged facts—even accepted as true—state a cognizable criminal offense.

Here, there are no material disputed facts. This Court may take judicial notice of the fact that the road described in the Notice is a public road and that trapping is prohibited within one mile of public roads on the Kenai National Wildlife Refuge.[17] To the extent that the Government disputes any facts that are relevant to the legal determination regarding whether trapping was specifically authorized, this Court should hold an evidentiary hearing to resolve those legal issues before trial.

---

[15]     Docket No. 18 at 5.

[16]     Fed. R. Crim. P. 12(b)(3)(B)(v); *see United States v. Anastasiou,* No. 3:24-cr-000999-SLG-KFR, 2025 U.S. Dist. LEXIS 101888 at \* 3 (D. Alaska Apr. 29, 2025) ("A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact." (quoting *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017))).

[17]     *See* Docket Nos. 23-2 and 23-3.

Respectfully submitted.

DATED: July 6, 2026    LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049

*Attorneys for Defendant Laura McIndoe*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

*United States v. McIndoe*    Case No. 3:26-po-00002-MMS
Defendant's Motion for Reconsideration    Page 6 of 6