Andrew Erickson
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com

*Attorneys for Defendant Laura McIndoe*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURA MCINDOE,<br><br>    Defendant. | Case No. 3:26-po-00002-MMS |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
HEARSAY STATEMENTS**

Defendant Laura McIndoe, through undersigned counsel, respectfully moves for an order prohibiting the Government from eliciting testimony by the trapper regarding statements allegedly made by law enforcement officials that purportedly authorized him to set traps on the public road described in the Notice of Violation.

*United States v. McIndoe*                    Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements        Page 1 of 7

Case 3:26-po-00002-MMS    Document 25    Filed 07/10/26    Page 1 of 7

Ms. McIndoe is charged with violating 50 C.F.R. § 27.84, which provides:

> *Interference with persons engaged in authorized activities.* Disturbing, molesting, or interfering with any employee of the United States or of any local or State government engaged in official business, or with any private person engaged in the pursuit of an authorized activity on any national wildlife refuge is prohibited.[1]

According to the Notice, Ms. McIndoe and her dog were walking on "an old and overgrown road to an oil and gas exploration pad" when her "dog got caught" in a leghold trap.[2] In order to prove its case against Ms. McIndoe, the Government must establish that the trapper was "engaged in the pursuit of an authorized activity."

Here, the Government does not dispute that the "road" described in the Notice is a public road known as "Wood Cutting Road" or "Woodcut Road."[3] The Government also does not dispute that "trapping is prohibited within one mile of public roads" on the Kenai National Wildlife Refuge.[4]

Instead, the Government's theory in this case relies on the contention that the trapper was "engaged in an authorized activity" because he was told

---

[1]     Docket No. 1 at 2.

[2]     Docket No. 1 at 2.

[3]     Docket No. 23-3 at 4.

[4]     Docket No. 23-2 at 4.

*United States v. McIndoe*                              Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements        Page 2 of 7

Case 3:26-po-00002-MMS     Document 25     Filed 07/10/26     Page 2 of 7

that he could trap on the road. According to the Government's Response to Motion to Dismiss, "[t]he trapper had met with authorities, and they had physically walked with him to the place he set his traps to ensure he was in compliance."[5] The Government also represented that "troopers specially walked with the trapper to his desired trapping location to place the traps and ensure compliance."[6]

The problem with the Government's argument (besides the fact that the Alaska State Troopers have no jurisdiction to authorize any trapping on the Kenai National Wildlife Refuge, *and* besides the fact that the trapper's permit specifically states that any changes to the permit will be in writing[7]) is that it relies on hearsay evidence. The only evidence that the Government has disclosed in discovery to support its contention that the trapper was authorized to place traps on Woodcutting Road are statements from the trapper that "Ofc. Pete Harvey had showed him" where the "1-mile mark was" and that the trap-

---

[5]     Docket No. 18 at 2.

[6]     Docket No. 18 at 5.

[7]     Exhibit 1 at 1 ("Conditions of this permit may be modified as needed. Any changes will be made by an addendum (signed by both the issuing officer and the permittee) which should be attached to, and become a part of, the permit.").

*United States v. McIndoe*                    Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements        Page 3 of 7

Case 3:26-po-00002-MMS    Document 25    Filed 07/10/26    Page 3 of 7

per "walked the trail with Kenai National Wildlife Officer Harvey to make sure that he would be in compliance with the permitted trapping activity."

This Court should preclude the Government from using those hearsay statements in arguments or eliciting testimony of those hearsay statements to prove the truth of the matter asserted—that the trapper was authorized to set traps on the road.

## LEGAL STANDARD

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence and may be used to request evidence be either excluded or admitted before trial."[8] "Motions *in limine* are appropriate when the 'mere mention of evidence during trial would be highly prejudicial.'"[9] "A party seeking to exclude evidence through a motion *in limine* must satisfy a 'high standard' and show the evidence is inadmissible on all potential grounds."[10]

---

[8]    *United States v. Cotton*, No. 1:25-cr-00002-TMB-MMS-1, 2026 U.S. Dist. LEXIS 56855 at * 3 (D. Alaska Mar. 16, 2026) (quoting *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 U.S. Dist. LEXIS 9069 (D. Nev. Jan. 21, 2011)).

[9]    *Id.* (quoting *Barnard*, 2011 U.S. Dist. LEXIS 9069).

[10]    *Id.*

*United States v. McIndoe*                                    Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements        Page 4 of 7

Case 3:26-po-00002-MMS    Document 25    Filed 07/10/26    Page 4 of 7

## ARGUMENT

Statements from the trapper about what Officer Harvey or any other law enforcement officer allegedly told him are hearsay and prejudicial, and thus, should be excluded from any use at trial.

"Hearsay is a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[11] Under Federal Rule of Evidence 802, "[h]earsay is not admissible unless an exception applies."[12]

Here, the Government may attempt to elicit testimony at trial from the trapper regarding what he was allegedly told by Officer Harvey, including that Officer Harvey told him that he could trap on the road.[13] However, those statements are hearsay; they are out of court statements by Officer Harvey (or another person), and not the trapper himself. The hearsay statements have no purpose other than to prove the truth of the matter asserted. The trapper should not be permitted to testify as to what Officer Harvey or any other law enforcement told him to establish the truth of those statements, i.e., that the

---

[11]     *Id.* (quoting Fed. R. Evid. 801(c)).

[12]     *In re Crash of Aircraft N93PC on July 7, 2013 at Soldotna, Alaska*, 455 F. Supp. 3d 906, 913 (Alaska 2020).

[13]     *See* Docket No. 18 at 2, 5.

*United States v. McIndoe*                                        Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements        Page 5 of 7

Case 3:26-po-00002-MMS    Document 25    Filed 07/10/26    Page 5 of 7

trapper was authorized to trap on the road. There is no exception to the rule against hearsay that could possibly apply to that testimony. Thus, if the Government intends to introduce evidence establishing the truth of what Officer Harvey told the trapper, it will have to call Officer Harvey as a witness at trial.

## CONCLUSION

For the foregoing reasons, this Court should prohibit the Government from eliciting testimony by the trapper regarding statements allegedly made by law enforcement officials that purportedly authorized him to set traps on the public road

Respectfully submitted.

DATED: July 10, 2026        LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049

*Attorneys for Defendant Laura McIndoe*

*United States v. McIndoe*        Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements    Page 6 of 7

Case 3:26-po-00002-MMS    Document 25    Filed 07/10/26    Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

*United States v. McIndoe*　　　　　　　　　Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Exclude Hearsay Statements　　　Page 7 of 7

Case 3:26-po-00002-MMS　　Document 25　　Filed 07/10/26　　Page 7 of 7