Andrew Erickson
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com

*Attorneys for Defendant Laura McIndoe*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURA MCINDOE,<br><br>    Defendant. | Case No. 3:26-po-00002-MMS |

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM DISPUTING WHETHER THE ALLEGED EVENTS OCCURRED ON A "ROAD"

Defendant Laura McIndoe, through undersigned counsel, respectfully moves for an order prohibiting the Government from arguing that the events described in the Notice of Violation did not occur on a "road."

*United States v. McIndoe*                              Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Preclude Arguments re: "Road"     Page 1 of 4

Case 3:26-po-00002-MMS    Document 28    Filed 07/16/26    Page 1 of 4

According to the Notice of Violation, Ms. McIndoe and her dog were walking on "an old and overgrown *road* to an oil and gas exploration pad."[1] The Government's admission that the events described in the Notice occurred on a "road" has formed the basis of Ms. McIndoe's legal defense that the Notice fails to state an offense because "trapping is prohibited within one mile of public roads" on the Kenai National Wildlife Refuge.[2]

Now, the Government appears to be backtracking from the facts represented in the Notice. The Government has indicated that it intends to dispute whether the events occurred on a "road."[3] However, this Court should not allow the Government to make arguments that contradict its own admissions in this case. That is the very definition of shifting goal posts.

Ms. McIndoe requested a bill of particulars, setting out exactly what conduct she is alleged to have done that constitutes an offense.[4] The Government's Response simply pointed to the Notice, rather than clarify that it believed the events did not occur on a road after all.[5] This Court agreed that the Notice as

---

[1]     Docket No. 1 at 2 (emphasis added).

[2]     *See* Docket No. 17 at 12-19; Docket No. 24 at 4-5.

[3]     *See* Docket No. 26 at 2.

[4]     *See* Docket No. 11 at 8.

[5]     Docket No. 13 at 3 ("The charging document here is much more specific. It contains a violation notice with an attachment of a probable cause statement that is approximately 500 words long describing the violation.").

*United States v. McIndoe*                                    Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Preclude Arguments re: "Road"     Page 2 of 4

Case 3:26-po-00002-MMS     Document 28     Filed 07/16/26     Page 2 of 4

written was sufficient to put Ms. McIndoe on notice of the facts and allegations.[6] The Notice clearly stated that Ms. McIndoe was on a "road."

Ms. McIndoe has taken the Government at its word that the events occurred on a "road."[7] The Government should not be permitted to contradict its own admissions, particularly after Ms. McIndoe has devoted significant time and effort litigating the issue in reliance on the Government's representation of the alleged facts. Thus, this Court should enter an order prohibiting the Government from arguing that the events did not occur on a "road."

Respectfully submitted.

DATED: July 16, 2026          LANDYE BENNETT BLUMSTEIN LLP

                              /s/ Andrew Erickson

                              _____
                              Andrew Erickson, Alaska Bar No. 1605049

                              *Attorneys for Defendant Laura McIndoe*

---

[6]     Docket No. 19 at 2 ("Here, the violation notice was accompanied by a citation letter with details sufficient to address each of the three requested categories.").

[7]     Docket No. 1 at 2.

*United States v. McIndoe*                          Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Preclude Arguments re: "Road"     Page 3 of 4

Case 3:26-po-00002-MMS     Document 28     Filed 07/16/26     Page 3 of 4

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

*United States v. McIndoe*                    Case No. 3:26-po-00002-MMS
Defendant's Motion *in Limine* to Preclude Arguments re: "Road"     Page 4 of 4

Case 3:26-po-00002-MMS     Document 28     Filed 07/16/26     Page 4 of 4