Andrew Erickson
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com

*Attorneys for Defendant Laura McIndoe*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LAURA MCINDOE,

        Defendant.

Case No. 3:26-po-00002-MMS

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

The Government's Response to Motion for Judicial Notice misstates numerous facts and the law governing Ms. McIndoe's Motion.

*First*, the Government incorrectly asserts that the "Defendant's only outstanding pre-trial motion is a motion to dismiss filed by Defendant Evanoff

Case 3:26-po-00002-MMS     Document 29-1     Filed 07/17/26     Page 1 of 5

which Defendant McIndoe joined."[1] In fact, Ms. McIndoe currently has four outstanding motions (besides this motion): her Motion for Joinder to Motion to Dismiss (Docket No. 22); Motion for Reconsideration (Docket No. 24); Motion *in Limine* to Exclude Hearsay Statements (Docket No. 25); and Motion *in Limine* to Preclude the Government from Disputing Whether the Alleged Events Occurred on a "Road" (Docket No. 28). Exhibits 1 and 2 are relevant to each of those motions, and they are especially relevant to Ms. McIndoe's Motion to Dismiss (Docket No. 17), which she may refile as a Rule 12(b)(3)(B)(v) motion if this Court denies reconsideration.[2]

*Second*, the Government mistakenly claims that there is no basis for judicial notice of matters outside the pleadings on a motion to dismiss in a criminal case. However, Federal Rule of Evidence 201(b), which governs judicial notice, is not limited to civil cases. Local Criminal Rule 47.1(i) expressly provides for judicial notice in criminal cases under Evidence Rule 201(b).

Courts in other jurisdiction have taken judicial notice of facts outside the pleadings on motions to dismiss in criminal cases. Ms. McIndoe cited one example in her motion: In *United States v. Pullman*, the federal district court for

---

[1] Docket No. 26 at 1.

[2] The Government admits that the issue of whether the trapper was "authorized" to engage in trapping on the road is a purely "legal argument." Docket No. 27 at 5 n.24. Legal arguments are appropriate for resolution *before* trial.

*United States v. McIndoe*                                Case No. 3:26-po-00002-MMS
Defendant's Reply in Support of Motion for Judicial Notice          Page 2 of 5

Case 3:26-po-00002-MMS    Document 29-1    Filed 07/17/26    Page 2 of 5

the District of Montana took judicial notice of documents from a federal bankruptcy case when deciding a criminal defendant's motion to dismiss.[3] According to District Judge Molloy, "[o]n a party's request, a court must take judicial notice of an adjudicative fact not subject to reasonable dispute if supplied with the necessary information."[4] Thus, the Government's attempt to portray judicial notice as limited to civil cases is mistaken.[5]

*Third*, the Government's apparent confusion regarding Exhibit 1 is disingenuous.[6] As Ms. McIndoe explained, "Exhibit 1 is the official record of the Kenai National Wildlife Refuge's trapping compatibility determination."[7] On February 4, 2026, Ms. McIndoe specifically requested that the Government produce that document as part of discovery in this case.[8] Because the Government did not respond to her request, Ms. McIndoe located the document on the

---

[3]     Docket No. 23 at 2 (citing *United States v. Pullman*, No. CR 14-12-M-DWM-1, 2014 U.S. Dist. LEXIS 99396 at * 3 (D. Mont. Jul. 21, 2014)).

[4]     *Id*. (citing Fed. R. Evid. 201).

[5]     *See* Docket No. 26 at 2 (arguing that the "Federal Rules of Civil Procedure have remedies that do not apply to criminal cases").

[6]     Docket No. 26 at 2 (inaccurately describing Exhibit 1 "a map").

[7]     Docket No. 23 at 2-3.

[8]     *See* Exhibit 3 at 4 (requesting "Documents pertaining to the purported authorization for Mr. Samona to engage in trapping within the Kenai National Wildlife Refuge, including but not limited to: . . . (d) a complete copy of the Kenai National Wildlife Refuge trapping compatibility determination and any associated environmental assessment(s)").

*United States v. McIndoe*                                    Case No. 3:26-po-00002-MMS
Defendant's Reply in Support of Motion for Judicial Notice          Page 3 of 5

Case 3:26-po-00002-MMS     Document 29-1     Filed 07/17/26     Page 3 of 5

U.S. Fish and Wildlife Service's public website.[9] If the Government truly believes the authenticity or veracity of Exhibit 1 is subject to "reasonable dispute," it had ample time to provide its own version of the trapping determination. The Government has not done so.[10]

Thus, for the foregoing reasons, and the reasons explained in Ms. McIndoe's Motion, this Court should take judicial notice of Exhibits 1 and 2.

Respectfully submitted.


DATED: July 17, 2026              LANDYE BENNETT BLUMSTEIN LLP

                                 /s/ Andrew Erickson

                                 _____

                                 Andrew Erickson, Alaska Bar No. 1605049

                                 *Attorneys for Defendant Laura McIndoe*

---

[9]    An online version of Exhibit 1 is available on the U.S. Fish & Wildlife Service's online database (which may not support permalinks): https://iris.fws.gov/APPS/ServCat/Reference/Profile/79428 ("U.S. Fish and Wildlife Service. 2007. Kenai National Wildlife Refuge Compatibility Determination for Natural Resource Gathering. U.S. Fish and Wildlife Service" (Unpublished Report Code: 79428)).

[10]    The Government also offers absolutely no reason why this Court should not take judicial notice of the USFWS map contained in Exhibit 2.

*United States v. McIndoe*                    Case No. 3:26-po-00002-MMS
Defendant's Reply in Support of Motion for Judicial Notice        Page 4 of 5

Case 3:26-po-00002-MMS    Document 29-1    Filed 07/17/26    Page 4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

*United States v. McIndoe*　　　　　　　　Case No. 3:26-po-00002-MMS
Defendant's Reply in Support of Motion for Judicial Notice　　　　Page 5 of 5

Case 3:26-po-00002-MMS　　Document 29-1　　Filed 07/17/26　　Page 5 of 5