

**Andrew Erickson**
andye@lbblawyers.com
(907) 868-9233

February 4, 2026

Mr. Christopher D. Schroeder
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, # 9, Room 253
Anchorage, AK 99513-7567

Via email: christopher.schroeder@usdoj.gov

**Re:    *United States v. Laura McIndoe*, No. 3:26-po-00002-MMS**

Dear Mr. Schroeder,

As you know, I represent the defendant, Laura McIndoe, in the above-referenced matter. I respectfully request that you promptly produce all discovery materials contemplated under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in greater detail below.

Under District of Alaska Local Criminal Rule 16.1, discovery materials in this matter were due by January 27, 2026 (14 calendar days following the January 13 initial appearance). To date, I have not received any correspondence from the U.S. Attorney's Office indicating when the complete discovery materials will be produced. Because the Court has set a defense motion deadline of February 20, 2026, I request that you produce all discovery materials as soon as possible, and in any event, no later than February 13. Please consider this letter a good faith effort to confer regarding this discovery issue pursuant to Local Criminal Rule 47.1(b).

## FACTS

Laura McIndoe is a retired middle school teacher, a long-time Alaska resident, and a former trapper on the Yukon River. The Government alleges that on February 5, 2025, Ms. McIndoe was walking with her dog, Arrow, on Woodcutters Road within the Kenai National Wildlife Refuge when Arrow was suddenly caught in a leghold trap. Ms. McIndoe desperately attempted to free Arrow and asked a man standing nearby for help. When the man—who was later identified as the trapper, Jeffrey Samona—and Ms.

McIndoe could not free the dog on their own, Ms. McIndoe called her sons for help. After her sons arrived, Arrow was ultimately freed from the trap, and Ms. McIndoe and her sons left the area urgently to get Arrow to a veterinarian and to report the incident to law enforcement.

While walking back to their vehicles, Ms. McIndoe and her sons encountered two law enforcement officers. Ms. McIndoe and her sons reported the incident to the officers and turned over a feather and piece of paper in a plastic bag that they had found on the road near the traps. The officers then let Ms. McIndoe and her sons proceed back to their vehicles to get Arrow to the veterinarian, without indicating that she or her sons had committed any sort of crime. Neither Ms. McIndoe nor her sons left the scene with any traps or trapping equipment of any kind.

## NOTICE OF DEFENSES

The defense's investigation of the facts and circumstances related to this matter is ongoing. Without waiving any defenses, and hereby expressly reserving the right to amend or add new defenses in this matter, Ms. McIndoe's position is that her actions were entirely lawful and the Notice of Violation should be dismissed because there was never probable cause to believe that she had committed a violation of federal law.

Ms. McIndoe was authorized to walk on Woodcutters Road, which is a well-known public recreational access route within Kenai National Wildlife Refuge. She was also authorized to have her dog off-leash under voice control in that area of the refuge. In other words, Ms. McIndoe was engaged in an authorized activity on the refuge and she was disturbed by the fact that her dog became injured in a trap that was placed within approximately two feet of the road. Ms. McIndoe incurred hundreds of dollars in veterinary bills and her own medical treatment as a direct result of the traps that were set along a popular road within the refuge.

Ms. McIndoe was understandably upset at the time of the incident but she did not remove any traps or trapping equipment from the area and did not prevent the trapper from continuing to engage in his trapping activities—regardless of how negligently, and possibly unlawfully, those trapping activities were being conducted. Ms. McIndoe categorically denies making any threats to Mr. Samona. While Ms. McIndoe was desperately trying to free her dog from the trap, Mr. Samona continued to lurk nearby with a rifle over his shoulder in a menacing manner.

Although the incident occurred on February 5, 2025, Ms. McIndoe was not issued a Notice of Violation until November 25—more than 9 months later. It appears that

Ms. McIndoe was charged at the direction of Mr. Samona, who may have personal connections to the law enforcement personnel that were involved in the investigation and/or charging decision in this matter.

## DEFENSE DISCOVERY REQUESTS

Please produce all discovery materials within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government in any way relating to this matter by February 20, 2026. For the purpose of these requests, the term "Government" includes the Department of the Interior, the U.S. Fish & Wildlife Service (USFWS), the Department of Justice, and any and all other local, State, or Federal agencies, bureaus, agents, or employees or any other person acting in conjunction with or on behalf of the United States.

While reserving all rights to seek additional discovery and amend the theory of the case, the specific discovery materials requested include but are not limited to:

1. A list of names and current addresses of all witnesses whom the Government intends to call to testify in this matter, and the criminal records of any such witnesses.

2. The names and current addresses of any person known to the Government to have been present at the time and place of the acts alleged in the Notice of Violation, including but not limited to the names and current addresses of all law enforcement officers, whether local, State, or Federal, who were present at mile 6.5 Funny River Road on February 5, 2025, between 1600 hours and 1900 hours, or who participated in any investigation of the acts alleged in the Notice of Violation.

3. Copies of all statements and reports of any witnesses to the acts alleged in the Notice of Violation.

4. The substance of any oral statement that the Government intends to offer into evidence at trial which was allegedly made by Ms. McIndoe.

5. Unredacted copies of all police or law enforcement notes or reports relating to this matter.

6. Video, audio, photographs, and/or other media that are material to the preparation of the defense, are intended for use at trial, or which were obtained from or belong to Ms. McIndoe, including but not limited to: (a) body camera recordings; (b) law

enforcement vehicle camera recordings; and (c) maps or Global Positioning System (GPS) data generated during the initial response or investigation of this matter.

7. A description of all tangible objects in the Government's possession that are material to the preparation of the defense, including (a) an inventory of the tangible objects, (b) a description of how and when they were obtained, and (c) their current location. This request includes access to the original objects at an appropriate time.

8. Documents pertaining to the purported authorization for Mr. Samona to engage in trapping within the Kenai National Wildlife Refuge, including but not limited to: (a) a complete copy of Mr. Samona's trapping permit, if any, together with any stipulations or requirements; (b) a complete copy of Mr. Samona's trapping permit application, if any; (c) all Kenai National Wildlife Refuge trapping regulations, stipulations, and requirements that were in effect at the time of the acts alleged in the Notice of Violation; (d) a complete copy of the Kenai National Wildlife Refuge trapping compatibility determination and any associated environmental assessment(s); and (e) any other written statements or authorizations from any employee of the Kenai National Wildlife Refuge purporting to authorize trapping on Woodcutters Road.

9. An unredacted copy of the Notice of Violation in *United States v. Trafford Evanoff*, No. 3:26-po-00003-MMS. In addition, Ms. McIndoe requests copies of any discovery materials produced in Mr. Evanoff's case.

Finally, this letter serves as notice that you have a duty to preserve all information, communications, documents and/or electronically stored information (ESI) (collectively "records") that may be relevant to the claims and defenses in this matter. Ms. McIndoe has potential civil claims against the United States under the Hyde Amendment, Pub. L. No. 105-119, § 617 (Nov. 26, 1997), 111 Stat. 2519, and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, which she may decide to pursue upon the conclusion of this case. Ms. McIndoe may also bring a civil action against Mr. Samona related to the events that are the subject of this case. Please be advised that all relevant records, including witness testimony from federal employees, may be subject to discovery in one or more civil lawsuits related to the events alleged in the Notice of Violation.

You should treat this request as a litigation hold on all relevant records in the United States' custody, possession, or control. It is imperative that you take steps to prevent the automatic, intentional, or accidental destruction of relevant records, including any routine operations that may cause the loss of records. Special care must be taken to preserve records that may have been produced or retained by former employees. This preservation obligation extends to all forms of communication, including text messages,

Microsoft Team messages, and any form of ephemeral messaging applications (e.g., Signal, Telegram), regardless of whether the messages exist or existed on personal or government-issued devices. This preservation request extends to all offices and employees of the United States, including but not limited to the Department of Justice, the Department of the Interior, and the USFWS.

Please send all discovery materials to my office at 701 West 8th Avenue, Suite 1100, Anchorage, AK 99501, or by email to andye@lbblawyers.com, cc: cheriw@lbblawyers.com.

Given the pending motion deadline, time is of the essence in this matter, and I expect a complete production by the close of business on February 13, 2026. If you have any questions, please contact me at andye@lbblawyers.com or 907-868-9233.

Sincerely,

LANDYE BENNETT BLUMSTEIN LLP

/s/ *Andrew Erickson*

Andrew Erickson