Andrew Erickson
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com

*Attorneys for Defendant Laura McIndoe*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

LAURA MCINDOE,

      Defendant.

Case No. 3:26-po-00002-MMS

## DEFENDANT'S MOTION TO COMPEL DISCOVERY MATERIALS

Defendant Laura McIndoe, through undersigned counsel, respectfully moves to compel the production of discovery materials in the Government's possession regarding a Notice of Violation that was issued to the trapper that is the subject of this case, Jeffrey Samona, for illegal trapping on "Wood Cut Road" in or around February 2024. The undersigned counsel certifies that a good faith effort was made to resolve this discovery dispute without court ac-

tion, but during a meet-and-confer on July 22, 2026 the Government's counsel declined to produce the requested discovery materials absent a court order.

The background of this discovery dispute is nothing less than astonishing. On July 21, 2026—more than five months after the Government's discovery deadline in this case—the Government produced new discovery materials to Ms. McIndoe, including an "Incident Report" describing a Notice of Violation that had previously been issued to the trapper, Mr. Samona. According to the Incident Report, in or around February 2024, law enforcement "received a report of illegal traps being placed along this two track road," referring to "Wood Cut Road,"[1] which is the same public road described in the Notice of Violation against Ms. McIndoe in this case.[2] "Jeffrey Samona was issued violation notice E2075901 for noncompliance with his special use trapping permit."[3]

The Incident Report also describes that Federal Wildlife Officers recorded digital evidence of Mr. Samona's violation: "My body worn camera video and pictures of the signed seizure tag are secured on the Axon Evidence.com database."[4] According to the Incident Reprot, federal law enforcement officers

---

[1]     Exhibit 1 at 1.

[2]     Docket No. 1 at 2.

[3]     Exhibit 1 at 1.

[4]     Exhibit 1 at 4.

met with Mr. Samona and "explained to him what I found out on his line and told him I would be issuing him a violation notice for noncompliance with his trapping permit."[5]

On July 22, undersigned counsel sent an email to the Government's counsel requesting "the body worn camera videos, pictures, and the PC statement referenced" in the Incident Report, as well as "body worn camera videos from February 9 and December 16, 2024, from Officer Harvey and Officer John Below." During a meet-and-confer on July 22, the Government's counsel indicated that they would not voluntarily produce the requested discovery materials; however, the Government's counsel indicated that they would not oppose expedited consideration of a motion to compel.

The requested discovery materials are essential for Ms. McIndoe's trial preparation in this case. The events described in the Incident Report demonstrate that Mr. Samona was illegally trapping on the same public road where Ms. McIndoe's dog was injured in one of his traps almost exactly one year later.

Importantly, the digital evidence that is described in the Incident Report is directly relevant to the unsupported factual assertions that the Government has made in this case. The Government represented that "troopers specially

---

[5]     Exhibit 1 at 1.

walked with the trapper to his desired location to place the traps and ensure compliance."[6] The Government also represented that the "trapper had met with authorities, and they had physically walked with him to the place he set his traps to ensure his compliance."[7]

**What the Government left out is that the reason law enforcement officers were in contact with Mr. Samona is that he was being cited for illegal trapping on the same *public road* at issue in this case.** Ms. McIndoe requires the requested discovery materials and information to adequately prepare for trial and to test whether the Government's factual assertions and proposed testimony in this case are supported by the evidence.

For the foregoing reasons, this Court should enter an order requiring the Government to produce the following requested discovery materials:

- Body worn camera videos and audio related to the events and investigation referenced in Incident Report 198306

- Photographs related to the events and investigation referenced in Incident Report 198306

- The Notice of Violation and probable cause statement related to the events and investigation referenced in Incident Report 198306.

---

[6] Docket No. 18 at 5.

[7] Docket No. 18 at 2.

Respectfully submitted.

DATED: July 24, 2026          LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049

*Attorneys for Defendant Laura McIndoe*


## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, a copy of the foregoing was served

by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

*United States v. McIndoe*                          Case No. 3:26-po-00002-MMS
Defendant's Motion to Compel Discovery Materials                 Page 5 of 5

Case 3:26-po-00002-MMS    Document 31    Filed 07/24/26    Page 5 of 5