MICHAEL J. HEYMAN
United States Attorney

JORDYN CALDWELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Jordyn.caldwell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAURA MCINDOE,<br><br>Defendant. | No. 3:26-po-0002-MMS |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The Government proposes the Court follow the attached Jury Instructions. Jury Instruction 1.0A and B contain the elements of the offense. The Government has proposed two different version depending on the mental state the Court finds applicable to this offense.

For the reasons outlined below, the Government proposes that this is an offense carrying strict liability. However, should the Court find that the regulation carries a mental state, the Government argues that at most it would carry a mental state of simple

negligence.[1]

Several courts have analyzed similar statutes including other offenses charged in connection with 16 U.S.C. § 668dd(f).

While courts are reluctant to find that criminal statutes impose strict criminal liability, the Supreme Court has upheld the validity of strict-liability offenses in several different contexts.[2]

In United States v Blow,[3] the Defendant was charged with failing to adhere to state hunting regulations while hunting on a National Wildlife Refuge in violation of 50 C.F.R. § 32.2(d) and 16 U.S.C. § 668dd(f)(2). The Court analyzed 16 U.S.C. § 668dd(f)(2) extensively and found that the Government only needed to prove the acts happened, not a requisite mental state.

Importantly, the Court noted that the deciding Court and another district court within the Fourth Circuit have determined, at least in dicta, that § 668dd(f)(2) imposes strict criminal liability See *Tait v. United States*, 763 F. Supp. 2d 786, 791 n.5 (E.D. Va. 2011); *United States v. Speener*, No. 2:22-MJ-1031, 2024 WL 1404334, at *4 (E.D.N.C. Apr. 1, 2024).

The text of § 668dd(f)(2) and the statutory provisions that surround it suggest that

---

[1] Simple negligence such that the Government must prove "an act which the actor as a reasonable man should recognize as involving an unreasonable risk of causing an invasion of an interest of another." Restatement (Second) of Torts § 284 (1965).

[2] *See United States v. Balint*, 258 U.S. 250, 254 (1922) (interpreting a statute that criminalized the sale of narcotics to impose strict criminal liability); *United States v. Behrman*, 258 U.S. 280, 289 (1922) (same); *United States v. Dotterweich*, 320 U.S. 277, 285 (1943) (interpreting a statute that criminalized the sale of adulterated pharmaceuticals to impose strict criminal liability); *United States v. Freed*, 401 U.S. 601, 610 (1971) (interpreting a statute that criminalized the possession of unregistered hand grenades to impose strict criminal liability).

[3] 2025 WL 1699832 (memorandum opinion)

U.S. v. Mcindoe
3:26-po-0002-MMS

Congress took care to distinguish knowing and unknowing violations of 16 U.S.C. § 668dd. Section 668dd(f)(1) specifically applies to "knowing" violations of the statute or the regulations issued thereunder, while § 668dd(f)(2) applies to "any person who otherwise violates or fails to comply" with the statute or regulations issued pursuant to the statute.

While some Courts have found for example in *United States v Best*[4], that 668dd(f)(2) applies a simple negligence mental state, the Government urges the Court to follow the analysis applied by the Court in *Blow*, which specifically declined to extend the rational in *Best*. Like in *Blow*, the Government argues the Court should give weight to the Senate's report discussion of making unintentional violations easier to prosecute.[5]

RESPECTFULLY SUBMITTED July 24, 2026 at Anchorage, Alaska.

---

[4] 2012 WL 3027544
[5] *Blow* at 16.

U.S. v. Mcindoe
3:26-po-0002-MMS

Case 3:26-po-00002-MMS    Document 33    Filed 07/24/26    Page 3 of 4

MICHAEL J. HEYMAN
United States Attorney


/s Jordyn Caldwell
JORDYN CALDWELL
Assistant United States Attorney
United States of America

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 24, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Jordyn Caldwell

U.S. v. Mcindoe
3:26-po-0002-MMS